IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

                              CASE NO. 04-CR-1389-RB

MARIA MORALES de IBARRA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's ("Ms. Morales") sentencing. The applicable Guideline range is 37 to 46 months. The presentence report ("PSR") recommends a sentence of 37 months, followed by a 3 year term of supervised release. Ms. Morales has been in custody for nearly 13 months. For the following reasons, I intend to sentence Ms. Morales to a term of 13 months, or time served, whichever is less, in the custody of the Bureau of Prisons followed by a 2-year term of supervised release. A separate sentencing hearing will be set as my calendar permits.

**I. Background.**

On March 21, 2002, Ms. Morales admitted to Border Patrol agents that someone had offered her $500 to park a vehicle containing 688.2 net kilograms of marijuana in her driveway for a few days. Ms. Morales later admitted that she knew the vehicle contained marijuana. She was arrested on May 6, 2004, and has been in custody since that day. On July 16, 2004, a one-count Information charged Ms. Morales with Possession with Intent to Distribute More than 100 Kilograms of Marijuana and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. That same day, she pleaded guilty to the Information pursuant to a

plea agreement under Federal Rule of Criminal Procedure 11.

The 2002 Sentencing Guidelines generate a sentencing range of 37 to 46 months. According to the plea agreement, Ms. Morales is accountable for 688.2 kilograms of marijuana, which establishes a base offense level of 28. U.S.S.G. § 2D1.1(c)(6). The PSR indicated she received a two-level reduction for meeting the criteria set out in Section 5C1.2 of the Guidelines, a two-level reduction for being a minor participant, and a three-level reduction for acceptance of responsibility, which generated a total offense level of 21. Since Ms. Morales has no criminal history of any kind, the Guidelines establish a criminal history category of I. Based on a total offense level of 21 and a criminal history category of I, the Guideline imprisonment range is 37 to 46 months.

Ms. Morales is 38 years old and is the mother of five children, all United States citizens, between the ages of nine and sixteen. She married Andres Ibarra-Rodriguez in 1987. Ms. Morales and Mr. Ibarra-Rodriguez separated in 2001 because, according to Ms. Morales, he was an alcoholic and he physically abused her during their last year together. Mr. Ibarra-Rodriguez pleaded guilty to a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and was sentenced to an 18-month term of imprisonment in 2003. Ms. Morales had no connection with her husband's drug offense. At the time of Mr. Ibarra-Rodriguez's sentencing, he was living with another woman while their children lived with Ms. Morales. In fact, Ms. Morales has no criminal history, no history of alcohol or substance abuse, and no history of mental or emotional problems. Ms. Morales' children currently live with their father in Mexico while attending school in Deming, New Mexico.

**II. Analysis.**

    **A. Ms. Morales's plea agreement.**

The Court is not bound by the plea agreement between the Government and Ms. Morales. On page three of the plea agreement, both parties acknowledge that "the actual sentence imposed, is solely in the discretion of the Court." Moreover, the Government states that the "United States has made . . . NO AGREEMENT pursuant to Rule 11(c)(1)(C) . . . that a specific sentence is the appropriate disposition of this case." *Id.* The Court, therefore, has discretion to impose a sentence that it deems appropriate.

    **B. *United States v. Booker*.**

The Supreme Court's recent holding in *Booker* "makes the Guidelines effectively advisory." *United States v. Booker*, 124 S.Ct. 738, 757 (2005). Moreover, "[i]t requires a sentencing court to consider Guidelines ranges . . . but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)(Supp. 2004)." *Id.* 18 U.S.C. § 3553(a) states that the Court, in determining the particular sentence to be imposed, *shall* consider (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the potential for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant; and (iii) the potential for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The Court, therefore, is no longer bound by the Guidelines and must consider the 3553(a) factors in determining the appropriate sentence for Ms. Morales.

**C. 18** U.S.C. § **3553(a) suggests a lesser sentence in this case.**

First, the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant in determining the proper sentence for Ms. Morales. Ms. Morales was a minor participant in this drug conspiracy, essentially allowing her property to be used temporarily to store drugs in order to obtain extra money to provide for her family while her husband awaited sentencing on unrelated drug charges. Ms. Morales had no criminal history prior to this offense. There is no evidence that Ms. Morales has had any problems with alcohol or drugs, or any mental or emotional problems. She was raised in a positive environment and she herself is trying to raise five children between the ages of eight and sixteen who desperately need their mother's guidance. In my view this factor suggests that a lesser sentence than the 37 months recommended by the Guidelines is appropriate in this case.

Second, the Court must consider the potential for the sentence to deter Ms. Morales from future criminal conduct. This offense marked the first time in her life that Ms. Morales decided to engage in criminal activity. Although the offense involved a large quantity of marijuana, Ms. Morales herself has denied using drugs. Ms. Morales got caught for participating in this conspiracy and, as a result, she has spent more than a year in custody, away from her five children. Each of her children are at a point in their lives where a mother's guidance can prove instrumental in molding them into contributing, law abiding members of our society. I believe that Ms. Morales has learned her lesson, and will not elect to engage in criminal activity in the future, knowing full well that if she does she will be away from her family for much longer. This factor, therefore, suggests that a 37-month sentence is not necessary to protect the public and deter Ms. Morales from future criminal behavior.

Third, the Court should consider the potential for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. Ms. Morales does not need any specific educational or vocational training, medical care (other than Ibuprofen), or other correctional treatment. She is a healthy woman, with no history of significant mental or physical problems. Nothing about Ms. Morales suggests that a 37-month sentence will more effectively rehabilitate her than a 13-month sentence. I do not believe that a 37-month sentence is appropriate in this case.

### III. Ms. Morales' sentence.

On page 14 of the PSR, the probation office states that after "a review of the defendant's personal circumstances and family background, it appears there exists no aggravating or mitigating circumstances of a kind, or to a degree, which distinguishes the case from the heartland of cases." I respectfully disagree. Ms. Morales is a mother of five with no criminal history. Having considered the Guidelines' range and the factors listed in 18 U.S.C. § 3553(a), I believe that this is an extraordinary case that warrants a lesser sentence than the 37-month sentence recommended in the PSR.

I, therefore, intend to sentence Ms. Morales to a 13-month sentence, or time served, whichever is less, followed by a 2-year term of supervised release. A sentencing hearing in this matter will be set as my calendar permits.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**